UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GARY WAKERLEY and ) | |
| JUMPING PILLOWS™, LLC ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No.: 3:09-CV-367 |
| ) | (VARLAN/SHIRLEY) |
| MICHAEL BILLINGS, individually, and ) | |
| MICHAEL BILLINGS d/b/a ) | |
| DIY INFLATABLE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This civil action is before the Court on Plaintiffs' Motion for Voluntary Dismissal Without Prejudice [Doc. 13]. Defendants filed a response, which cross-moved for dismissal with prejudice or dismissal without prejudice on the condition that plaintiffs first pay defendants' attorneys' fees and expenses [Doc. 16]. Plaintiffs filed a response in opposition to the cross-motion [Doc. 17], and defendants filed a reply to plaintiffs' response [Doc. 20]. In addition, during the litigation of these motions, defendants filed a Motion for Continuance of Trial [Doc. 18] and a Motion to Compel Joinder [Doc. 19]. The Court has reviewed the record in this case, and for the reasons explained below, the Court will dismiss this case with prejudice.

**I.     Background**

Plaintiffs commenced this action on or about August 19, 2009, asserting trademark infringement and unfair competition pursuant to the Lanham Act and violation of the

Tennessee Consumer Protection Act [Doc. 1 ¶ 1]. Plaintiffs allege that, since approximately 1991, Jumping Pillows, LLC ("Jumping Pillows") has manufactured and distributed inflatable jumping toys under the mark "Jumping Pillows" [*Id*. ¶ 10]. Jumping Pillows are a recreational product, utilizing large, rectangular, inflated canvasses anchored to the ground in a specific way such that persons can safely jump and bounce on them, and are distinctively and brightly colored, can be seen from a distance, and are used by an array of customers in businesses such as agritourism, RV parks, amusement resorts, and the like [*Id*. ¶¶ 10, 12].

On January 23, 2005, Jumping Pillows applied for federal registration of the mark "Jumping Pillows," which was granted on January 31, 2007 [*Id*. ¶ 13]. Gary Wakerley is the exclusive licensee of the "Jumping Pillows" mark in North America [*Id*. ¶ 11]. Plaintiffs further allege that they learned that defendants began manufacturing, marketing, and distributing an inflatable jumping product under the mark jumping pillows [*Id*. ¶ 16]. Plaintiffs claim defendants' product is of substantially poorer quality but is deceptively similar in outward appearances as "Jumping Pillows" and is confusingly similar to plaintiffs' mark [*Id*. ¶¶ 16–17].

Defendants filed an answer, primarily denying plaintiffs' allegations [Doc. 5]. Defendants also set forth various affirmative defenses [*Id*.].

Plaintiffs now request that the Court dismiss the action without prejudice [Doc. 13]. As grounds, they submit that defendants have voluntarily ceased and desisted from the objectionable conduct such that further prosecution of the action is unlikely to be of economic benefit [*Id*.]. They request a dismissal without prejudice because, even though

they believe they could seek redress for future harm should defendants resume their objectionable conduct, plaintiffs' believe defendants are "more likely to stay within the bounds of the law if the specter of resurrection of this action, seeking damages from 2009 forward, was available to [p]laintiffs" [*Id.*].

Defendants oppose the request for dismissal without prejudice, and cross-move the Court to either dismiss the action with prejudice or dismiss the claims without prejudice on the condition that plaintiffs first pay defendants' attorneys' fees and expenses [Doc. 16].

**II. Analysis**

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides:

> (2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a).[1] "Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir.1994) (citation omitted). The requirement of court approval in Rule 41(a)(2) is intended to protect the non-moving party from unfair treatment. *Grover*, 33 F.3d at 718.

---

[1] The Court observes that no counterclaims have been asserted [*See* Doc. 5].

In reviewing a motion made pursuant to Rule 41(a)(2), a court must determine whether "the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id.* (citations omitted). To determine whether a defendant will suffer plain legal prejudice, courts consider factors such as:

> [T]he defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant.

*Id.* (citing *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 474 (7th Cir. 1988)). These factors are not an "exclusive or mandatory list," and district courts need not analyze each factor or limit its consideration to these factors alone. *Rosenthal v. Bridgestone/Firestone*, 217 F. App'x 498, 502 (6th Cir. 2007) (citation omitted). Rather, the factors serve as a guide for the district court. *Id.* Dismissal with prejudice is proper "[a]t the point when the law clearly dictates a result for the defendant" and "it is unfair to subject him to continued exposure to potential liability by dismissing the case without prejudice." *Grover*, 33 F.3d at 719.

### A. The Defendants' Effort and Expense of Preparation for Trial

Defendants submit that this lawsuit is frivolous as the subject matter of plaintiffs' alleged trademark registration is not what is described in the complaint, and that defendants have not and are not alleged to have used anything similar to what is depicted in the registration [Doc. 16]. They also submit that, despite the frivolous nature, they have defended this case at considerable expense for two years and "continuously made known

4

their strong desire to reach an settlement agreement," and that the threat of the same lawsuit being brought again in the future would cause them to suffer prejudice [*Id.*; *see also* Doc. 20]. They further submit that the settlement discussions have never included a "walk away" provision, where plaintiffs could reassert the same claims at a later date; thus, allowing plaintiffs to walk away now would be prejudicial [*Id.*]. Plaintiffs counter that defendants' main expense in this litigation is their response to the motion to dismiss, thus there is little or no prejudice [Doc. 17]. In light of the defendants' submissions, the Court finds, despite the few filings in this case, that it appears that defendants have expended efforts and expenses in the defense of the case and in preparation for trial, including engaging in settlement negotiations, over the course of two years. Thus, this factor weighs in favor of dismissal with prejudice.

### B.  Excessive Delay and Lack of Diligence on the Part of the Plaintiffs in Prosecuting the Action

Plaintiffs commenced this action over two years ago [Doc. 1]. It appears to the Court that discovery was never completed, as the parties were attempting to settle this matter [*See* Docs. 9, 11]. It also appears the parties were close to reaching an agreement, but that, before an agreement was reached, plaintiffs decided to file a motion for dismissal without prejudice [*See* Doc. 16]. The Court therefore finds that this factor weighs in favor of dismissing with prejudice.

## C. Insufficient Explanation for the Need to take a Dismissal

Plaintiffs justification for the need to take a dismissal without prejudice is the following:

> Plaintiffs submit that Defendant is more likely to stay within the bounds of the law if the specter of resurrection of this action, seeking damages from 2009 forward, was available to Plaintiffs.

[Doc. 13]. They also cite the economic recession as a reason for their failure to prosecute this action, and suggest that there is nothing unfair about preserving the status quo [Doc. 17]. The Court finds plaintiff's explanation for the need to take a dismiss insufficient to support dismissal without prejudice after two years of litigation and settlement negotiations.

## D. Whether a Motion for Summary Judgment has been filed by the Defendants

No summary judgment motion was filed by defendants. Thus, this factor weighs in favor of dismissal without prejudice.

## III. Conclusion

In light of the analysis of the four factors, the Court finds it would be "unfair to subject [defendant] to continued exposure to potential liability by dismissing the case without prejudice," *Grover*, 33 F.3d at 719, and will dismiss this case with prejudice.[2] Accordingly, the Court will **GRANT IN PART AND DENY IN PART** Plaintiffs' Motion for Voluntary Dismissal Without Prejudice [Doc. 13] and **DENY AS MOOT** Defendants' Cross-Motion

---

[2] Because the Court finds that dismissal with prejudice is appropriate, it declines to consider defendants' alternative request to dismiss this case without prejudice and award attorney's fees to defendants.

for Involuntary Dismissal [Doc. 16].  In addition, in light of this ruling, the Court will **DENY AS MOOT** defendants' Motion for Continuance of Trial [Doc. 18] and defendants' Motion to Compel Joinder [Doc. 19].  The Clerk of the Court will be **DIRECTED** to close this case.

ORDER ACCORDINGLY.

      s/ Thomas A. Varlan
      UNITED STATES DISTRICT JUDGE

7

Case 3:09-cv-00367   Document 23   Filed 11/18/11   Page 7 of 7   PageID #: 95